[Civ. No. 50826. First Dist., Div. Three. May 28, 1981.]

In re LARRY JOHNS on Habeas Corpus.

COUNSEL

Quin Denvir, State Public Defender, and David Lew, Deputy State Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and John B. Moy, Deputy Attorneys General, for Real Party in Interest.

OPINION

**SCOTT, J.**—This petition for writ of habeas corpus seeks to set aside an extension of the term of a commitment to state hospital. The commitment took place after a verdict of not guilty by reason of insanity (Pen. Code, § 1026) in an aggravated assault prosecution (Pen. Code,

§ 245, subd. (a)). The term was extended in proceedings taken pursuant to Penal Code section 1026.5. Petitioner's contention is that violation of certain time limits set forth in that section resulted in an invalid extension. We have concluded that the time limits in question are not jurisdictional and that the breaches in this case did not prejudice petitioner. We therefore deny the requested relief.

Petitioner's initial commitment to state hospital was scheduled to expire on October 19, 1980, absent extension proceedings under Penal Code section 1026.5. Subdivision (b) of that section provides a mechanism for extension of the term by two years where the defendant's mental condition causes a substantial danger of physical harm to others. The extension process is begun by the medical director of the state hospital or facility submitting evaluations and the case file to the prosecuting attorney, who may then file a petition for extended commitment. The code provides that "[s]uch petition shall be filed no later than 90 days before the expiration of the original commitment." (Pen. Code, § 1026.5, subd. (b)(2).)[1]

For reasons we need not explain, but which suggest, at most, negligence, the petition in this case was filed on August 7, 1980, 17 days late.

Penal Code section 1026.5, subdivision (b)(4), provides that the trial on a petition for extended commitment "shall commence no later than 30 days prior to the time the person would otherwise have been re-

---

[1] In pertinent part Penal Code section 1026.5 provides: "(a)(2) In the case of a person committed to a state hospital or other facility pursuant to section 1026 or 1026.1, who committed a felony prior to July 1, 1977, ... the person may not be kept in actual custody longer than the maximum term of commitment, except as provided in subdivision (b). *The time limits of this section are not jurisdictional.*

"(b)(1) A person may be committed beyond the term prescribed by subdivision (a)....

"(b)(2) If during a commitment, the medical director of a state hospital or other facility has good cause to believe that a patient is a person described in paragraph (1), the director may submit such supporting evaluations and case file to the prosecuting attorney who may file a petition for extended commitment in the superior court which issued the original commitment. *Such petition shall be filed no later than 90 days before the expiration of the original commitment....*

"(b)(4) The court shall conduct a hearing on the petition for extended commitment. The trial shall be by jury unless waived by both the person and the prosecuting attorney. *The trial shall commence no later than 30 days prior to the time the person would otherwise have been released, unless such time is waived by the person....*" (Italics added.)

leased, unless such time is waived by the person." Petitioner alleges a violation of this subdivision as well.

On September 10, 1980, 39 days before the commitment would expire, petitioner filed a motion to dismiss for late filing of the petition. At a hearing on the motion, the prosecuting attorney announced readiness to try the case on September 19, 1980, the last trial date which would comply with the 30-day requirement. Petitioner argued that the delay in filing the petition prevented counsel from adequately preparing for a trial on that date and contended that the prosecuting attorney's delay had the effect of violating both the 30-day and the 90-day requirements, since it forced the trial to take place during the 30 days prior to termination of the original commitment. The trial court denied the motion to dismiss.

On October 14, 1980, based upon psychiatric reports and petitioner's admission of the allegations of the petition, an extended commitment was ordered. This habeas corpus petition followed.

█ The question we face initially is whether violations of the 90-day and 30-day time requirements of subdivision (b) of Penal Code section 1026.5 make the commitment order a nullity irrespective of prejudice to the defendant or excuse for the violations. We conclude that they do not.

Petitioner relies upon use of the term "shall" in connection with both the 90-day and 30-day requirements and argues that "shall" has a mandatory definition in the context of this legislation. However, the remainder of the statute belies that interpretation. In subdivision (a), the Legislature has specifically stated that "[t]he time limits of this *section* are not jurisdictional." (Italics added.) Petitioner contends that that language creates some ambiguity in the legislation and argues that, properly read, that statement applies only to the time limits in subdivision (a). We see no ambiguity at all. The Legislature stated that the time limits in "this section" are not jurisdictional, not that the time limits in "this subdivision" are not jurisdictional. Throughout section 1026.5, the Legislature was precise in using the terms "paragraph" and "subdivision" to identify the various divisions of the lengthy and complex section. Indeed, in the sentence preceding the one under scrutiny, the Legislature singled out "paragraph (1)" and "subdivision (b)" for coverage and exclusion. Under such conditions we must read the term "section" as including subdivision (b) and the 30- and 90-day time limits stated therein.

Although the time requirements of section 1026.5 are not jurisdictional, considerations of due process require an inquiry into whether the defendant was harmed by violation of the statutory time requirements. Petitioner argues that the inquiry should focus upon whether the prosecution has shown a proper justification for the delay, such as the factual impossibility of filing within the time limits. We conclude, however, that the inquiry should be the same as made when testing under due process standards the delay in criminal proceedings.

The due process test utilized under both federal and state speedy trial decisions involves a balancing of any prejudicial effect of the delay against the justification for delay. (Cf. *Barker* v. *Wingo* (1972) 407 U.S. 514, 532 [33 L.Ed.2d 101, 117-118, 92 S.Ct. 2182], with *People* v. *Hannon* (1977) 19 Cal.3d 588, 610, fn. 12 [138 Cal.Rptr. 885, 564 P.2d 1203].) Except where there has been an extended delay, as there was in *Barker* v. *Municipal Court* (1966) 64 Cal.2d 806, 812 [51 Cal. Rptr. 921, 415 P.2d 809], prejudice will not be presumed from delay. Where prejudice is not presumed, it is incumbent upon the defendant to show circumstances of actual prejudice. (See *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 440-441 [121 Cal.Rptr. 457, 535 P.2d 321].)

Here the delay was not extensive and trial was in fact held over 60 days after the petition was filed. Counsel was afforded at least as long to prepare the case as would have been available had the petition been timely filed. Moreover, petitioner admitted the allegations of the petition. Clearly petitioner was not prejudiced by the delay. Thus, consideration of the reasons for the delay is unnecessary. Petitioner's due process rights were not abridged by the delay in filing the petition or by the late trial.

The order to show cause is discharged and petition for writ of habeas corpus is denied.

Feinberg, Acting P. J., and Barry-Deal, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 22, 1981.