143 Cal.App.3d 245 (1983)
191 Cal. Rptr. 668
THE PEOPLE, Plaintiff and Respondent,
v.
JACK L. DOUGHERTY, Defendant and Appellant.
Docket No. 23718.
Court of Appeals of California, First District, Division Four.
April 25, 1983.
*246 COUNSEL
Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and David Lew, Deputy State Public Defender, for Defendant and Appellant.
George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Eugene W. Kaster and John B. Moy, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
POCHE, J.
Jack L. Dougherty appeals from the order extending his commitment to state hospital under Penal Code section 1026.5.[1] He contends that his motions to dismiss the extended commitment proceedings for untimely filing should have been granted.
In 1977 appellant was committed to Atascadero State Hospital for treatment pursuant to section 1026 after he had been found not guilty by reason of insanity of assault with a deadly weapon (§ 245, subd. (a)). His maximum commitment date was November 8, 1981. The petition to extend his commitment was filed on October 14, 1981. On October 20, appellant filed an opposition to the petition. The opposition was overruled on October 27 and the cause set for trial on November 2. On that date appellant moved the trial court for dismissal. The *247 motion was denied. His renewed motion for dismissal during trial was similarly denied.
Section 1026.5 provides that a petition for extended commitment "shall be filed no later than 90 days before the expiration of the original commitment.... [¶] ... The trial shall commence no later than 30 calendar days prior [thereto]." (§ 1026.5, subds. (b)(2), (b)(4).) In the instant case the petition was filed 25 days before appellant was entitled to be discharged, i.e., 66 days late, and trial commenced 5 days prior thereto. (1) Appellant contends that the failure of the district attorney to comply with the statutory time limit for filing the petition deprived the trial court of jurisdiction to entertain the extended commitment proceedings. In support of this contention, he relies on use of the word "shall" in connection with the statutory time limits and argues that within the context of this legislation "shall" has a mandatory definition. Appellant acknowledges that the Legislature in subdivision (a)(2) of section 1026.5 has stated that "[t]he time limits of this section are not jurisdictional." He maintains, however, that this statement merely creates an ambiguity and that, properly read, the statement applies only to the time limits in subdivision (a).
In In re Johns (1981) 119 Cal. App.3d 577 [175 Cal. Rptr. 443], Division Three of this court was presented with contentions identical to those advanced by appellant. The court found no ambiguity in the Legislature's statement that the time limits of "this section" are not jurisdictional. Observing that throughout section 1026.5 the Legislature was precise in using the terms "paragraph" and "subdivision" to identify the various divisions of the section, the court held that the term "section" must be read as including subdivision (b) and the 30- and 90-day time limits stated therein. (Id., at p. 580; accord People v. Echols (1982) 138 Cal. App.3d 838, 841-842 [188 Cal. Rptr. 328]; see also People v. Hill (1982) 134 Cal. App.3d 1055, 1059 [185 Cal. Rptr. 64].) People v. Pacini (1981) 120 Cal. App.3d 877 [174 Cal. Rptr. 820], on which appellant relies, does not hold otherwise. In Pacini the court held only that the procedural requirement that the petition be filed before expiration of the maximum commitment (§ 1026.5, subd. (b)(2)) was jurisdictional. (120 Cal. App.3d at p. 891; accord People v. Saville (1982) 138 Cal. App.3d 970, 974 [188 Cal. Rptr. 376].) This jurisdictional requirement was met in the present case.
(2) Appellant contends that the 66-day delay in the filing of the petition for extension of his commitment denied him due process of law. In In re Johns, supra, 119 Cal. App.3d 577, the court stated that "[a]lthough the time requirements of section 1026.5 are not jurisdictional, considerations of due process require an inquiry into whether the defendant was harmed by violation of the statutory time requirements." (119 Cal. App.3d at p. 581.) The court held that the inquiry is governed by the same standard as applies when testing under *248 due process standards the delay in criminal proceedings. (Ibid.) Pursuant to this standard, any prejudice to the defendant resulting from the delay must be weighed against justification for the delay. "Except where there has been an extended delay ... prejudice will not be presumed from delay. Where prejudice is not presumed, it is incumbent upon the defendant to show circumstances of actual prejudice." (119 Cal. App.3d at p. 581; see Scherling v. Superior Court (1978) 22 Cal.3d 493, 505 [149 Cal. Rptr. 957, 585 P.2d 219]; Crockett v. Superior Court (1975) 14 Cal.3d 433, 440-441 [121 Cal. Rptr. 457, 535 P.2d 321].)
In the present case as a result of the delay in filing the petition appellant was afforded only 20 days, rather than the statutorily provided 60 days, to prepare for trial. It is arguable that a delay that reduces by two-thirds the statutory time to prepare constitutes an "extended delay" so as to relieve appellant of the burden of showing actual prejudice. (Cf. In re Johns, supra, 119 Cal. App.3d at p. 581 [counsel in fact was afforded at least as long to prepare as would have been available had the petition been timely filed] with People v. Hill, supra, 134 Cal. App.3d at p. 1060 [delay resulting in appointment of counsel only seven days before defendant's date of discharge rendered the 60-day preparatory period meaningless]. See also People v. Hawkins (1983) 139 Cal. App.3d 984, 987 [189 Cal. Rptr. 126] [court correctly dismissed petition when counsel was appointed only two days before required trial should have begun].) However, we find it unnecessary to decide this issue because appellant has demonstrated prejudice.
At the outset of trial, counsel informed the court that there had been insufficient time to secure the appointment of medical experts (§ 1027). During trial counsel interrupted his cross-examination of the state hospital psychologist to complain to the court, outside the presence of the jury, that he was unable effectively to cross-examine the witness because there had been insufficient time to subpoena appellant's psychiatric file in advance of trial. Counsel stated further that he was incapable of effectively cross-examining the psychologist without professional assistance. The record thus supports appellant's contention that the delay had the prejudicial effect of depriving counsel of an adequate time to prepare.[2] (Cf. In re Newbern (1960) 53 Cal.2d 786, 790-791 [3 Cal. Rptr. 364, 350 P.2d 116]; People v. Hill, supra, 134 Cal. App.3d at pp. 1059-1060; see People v. Hawkins, supra, 139 Cal. App.3d at p. 987.) This conclusion requires that we consider the reasons for the delay. (Cf. Scherling v. Superior Court, supra, 22 Cal.3d at p. 506; In re Johns, supra, 119 Cal. App.3d at p. 581.)
*249 The delay in filing the petition was the result of the hospital medical director's delay in submitting to the prosecutor his recommendation for extension of appellant's commitment (§ 1026.5, subd. (b)(2)).[3] The medical director's affidavit states that his delay was due to "an unusual combination of procedural errors" and was "wholly inadvertent and non-willful." This statement says no more than that the delay was the result of negligence. (Cf. People v. Hill, supra, 134 Cal. App.3d at p. 1060.) As the Supreme Court stated in Scherling v. Superior Court, supra, "[t]he ultimate inquiry in determining a claim based upon due process is whether the defendant will be denied a fair trial.... Thus, although delay may have been caused only by the negligence of the government, the prejudice suffered by a defendant may be sufficient when balanced against the reasons for the delay to constitute a denial of due process." (22 Cal.3d at p. 507.) While here, unlike Scherling, the effect of the delay was not to deprive appellant of his right to speedy trial, but rather to force him to trial in less than the minimum time provided by statute to prepare a defense, the due process analysis is the same. (See In re Newbern, supra, 53 Cal.2d at p. 791; People v. Hawkins, supra, 139 Cal. App.3d at p. 987; People v. Hill, supra, 134 Cal. App.3d at p. 1060.) Because the justification for the delay is outweighed by its prejudicial effect, the order extending appellant's commitment was entered in violation of his right to due process.
In conclusion we observe, as did the court in People v. Hill, supra, 134 Cal. App.3d at page 1060, that we derive no satisfaction from setting aside an order that may otherwise have been appropriate if timely made. We similarly note that if appellant now continues to represent a significant danger to himself or others, proceedings may yet be instituted in accordance with the terms of the Lanterman-Petris-Short Act. (Ibid.)
The order extending appellant's commitment is reversed.
Caldecott, P.J., concurred.
CHRISTIAN, J.
I concur.
If the question of the effect of failure to petition for extension within the time specified in Penal Code section 1026.5 were open to fresh consideration, a strong argument could be made for a result contrary to that reached by the court here. The time limits specified in the statute are mandatory; that is, hospital authorities, the prosecutor and the court are under mandatory duties to proceed expeditiously. It would not seem to follow, when the statute states that its time *250 limits are not jurisdictional (see In re Johns (1981) 119 Cal. App.3d 577 [175 Cal. Rptr. 443]), that a necessary remedy for delay is to summarily release an inmate who may be dangerous to public safety.
Although due process values are of course implicated here, the situation where counsel for the inmate has not had adequate time to prepare is not the same as one where evidence potentially valuable in the defense of a criminal case has been irretrievably lost. So far as the present record shows if defense counsel needed more than 20 days to prepare for the hearing more time could have been obtained on request, wholly dissolving the prejudice referred to in this court's opinion. Another form of prejudice would be substituted: some days of continued detention resulting from neglect of duty on the part of the hospital authorities or the prosecutor. It is not clear that such detention would in all circumstances, and no matter how short, amount to a deprivation of due process compelling release of a potentially dangerous inmate.
Although expressing these misgivings, I concur because on facts that cannot be distinguished from ours the Court of Appeal in the Second Appellate District has held that dismissal is the proper remedy. (People v. Hill (1982) 134 Cal. App.3d 1055 [185 Cal. Rptr. 64]; see also People v. Hawkins (1983) 139 Cal. App.3d 984 [189 Cal. Rptr. 126].) I do not consider that creation of a conflict of decisions on the issue would be justified.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] The trial court did not find otherwise. Rather, the court evidently denied appellant's motions to dismiss in the mistaken belief that his due process claim had previously been ruled on by the master calendar court. The record shows, however, that appellant's opposition to the petition before the master calendar court was based on jurisdictional, not due process, grounds.
[3] At the time applicable to this case, section 1026.5 did not specify a time within which the medical director should submit his recommendation for extended commitment. The statute has since been amended to require the director to submit his recommendation not later than 180 days prior to the termination of the maximum term of commitment. (§ 1026.5, subd. (b)(2).)