[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 957 
OPINION
Anthony Price appeals from an order extending his commitment in a psychiatric hospital for an additional two years. (Pen. Code, § 1026.5, subd. (b).)[1] He contends (1) the underlying jury verdict is not supported by substantial evidence, (2) the court erred when it denied his motion to dismiss the commitment petition as untimely, and (3) the court instructed the jury incorrectly. We conclude the court should have granted the motion to dismiss and reverse the order dated July 20, 2005, extending appellant's commitment.
 I. FACTUAL AND PROCEDURALBACKGROUND
 In March 1996, appellant robbed a restaurant in Vallejo using an incendiary device. Based on this incident an information was filed charging appellant *Page 958 with robbery. (§ 211.) In June 1997, the court found appellant not guilty by reason of insanity and committed him to a psychiatric institution for a maximum period of six years.
 In May 2002, a petition under section 1026.5, subdivision (b)(1) was filed to extend appellant's commitment on the grounds that he remained a danger to others due to his mental condition. A jury found that allegation to be true and the court extended appellant's commitment two years to November 7, 2004.
 On May 7, 2004, the doctor who was supervising appellant's treatment sent a letter to the district attorney asking that a petition be filed to extend appellant's commitment for an additional two years.
 Section 1026.5, subdivision (b)(2) states that a petition to extend "shall be filed no later than 90 days before the expiration of the original commitment unless good cause is shown." Section 1026.5, subdivision (b)(4) states that a trial on a petition to extend "shall commence no later than 30 calendar days prior to the time the person would otherwise have been released . . . unless good cause is shown." The district attorney failed to meet either of those deadlines. He filed a petition to extend on October 27, 2004, less than two weeks before appellant's commitment was due to expire.
 When the matter came before the court on November 1, 2004, appellant was represented by an attorney from the public defender's conflict office. Counsel moved to dismiss the petition, arguing it had been filed too late. He told the court he would like to file points and authorities to support his motion.
 The prosecutor said she was willing to go forward with the trial before appellant's scheduled release date. However, since appellant wanted additional time to file a motion to dismiss, she suggested that appellant waive time for purposes of his trial. After some colloquy, the prosecutor conceded "[the petition] is late." Appellant agreed to waive time for setting of the trial, but did so "[w]ithout . . . waiving his rights under the statute."
 At the next hearing on January 10, 2005, appellant was represented by a different attorney from the public defender's office. New counsel said she too was not ready to proceed to trial because she had not received any of appellant's medical reports. Counsel also said she intended to file a motion *Page 959 "that the filing of the petition is not done in a timely fashion to the extent it was denial of due process."
 Counsel filed her motion to dismiss on April 8, 2005. She argued the district attorney's failure to timely file the petition to extend resulted in a violation of appellant's due process rights. Counsel argued appellant was prejudiced by the delay because he was forced to choose between "proceeding to trial with an inadequately prepared counsel or to be incarcerated beyond his maximum commitment date."
 At the May 23, 2005 hearing on the motion to dismiss, the district attorney opposed the motion, arguing appellant had not been prejudiced by the delay in filing the petition. He relied on People v. Mitchell (2005)127 Cal.App.4th 936 [26 Cal.Rptr.3d 163], a then very recent case from Division Three of this court that discusses whether a defendant who has been committed for psychiatric treatment is prejudiced by a delay in filing a petition to extend. The court in Mitchell found "appellant suffered no actual prejudice from the delay" under circumstances similar to those presented here. (Mitchell, supra, at p. 946.)
 At the May 23, 2005 hearing, the court noted that the district attorney's written opposition to the motion to dismiss had "nothing to explain the undue delay" in filing the petition to extend. The deputy district attorney admitted that he could not provide an answer. On its own motion, the court continued the hearing on the motion to dismiss to give the district attorney the opportunity "if you so choose" to file a supplemental declaration explaining the delay. The court noted that "[i]f you do not choose to do so, which is your prerogative, I will move forward accordingly." The court gave the district attorney until June 3, 2005, to respond, commenting that "[y]our response, we'll see if there's good cause or not."
 The continued motion to dismiss was set for June 20, 2005. Prior to the hearing, the district attorney filed a declaration by another deputy in his office, stating yet another person in the district attorney's office had received the May 7, 2004 letter from Napa State Hospital requesting a petition of extension pursuant to section 1026.5 and had forwarded it to the Vallejo branch of the district attorney's office. The declaration stated further, "[H]owever, there [was] no record of any other action by members of the office." The declarant opined that the letter was not properly brought to the attention of a deputy district attorney in May 2004. The district attorney admitted that *Page 960 "due to clerical error" his office had not prepared the petition as required by statute.
 At the hearing on the motion to dismiss, the court characterized the district attorney's mistake as a "huge clerical error." Significantly, the court did not make any finding of good cause under section 1026.5, subdivision (b)(2). Nevertheless, the court declined to dismiss the petition ruling appellant had not suffered any actual prejudice as the result of the delay. Noting "now that we are almost six months out from the last day for this hearing," the court set the matter for a trial.
 The jury trial on the second petition began on July 13, 2005, and was completed the following day. The jurors found appellant remained a substantial danger to others due to his mental condition.
 On July 20, 2005, the court extended appellant's commitment for an additional two years to November 7, 2006.
 II. DISCUSSION[2]
Motion to Dismiss
 Appellant contends the trial court erred when it denied his motion to dismiss.
 The parties agree that the petition to extend appellant's commitment was filed late. The pivotal question is whether that error was prejudicial.
 While the 90-day time limit set forth in section 1026.5, subdivision (b)(2) is not jurisdictional (§ 1026.5, subd. (a)(2);[3] In re Johns (1981)119 Cal.App.3d 577, 580-581 [175 Cal.Rptr. 443]), "considerations of due process require an inquiry into whether the defendant was harmed by violation of the statutory time requirements. . . . [T]he inquiry should be the same as made when testing under due process standards the delay in criminal proceedings." (In reJohns, supra, at p. 581.) "[T]he due process test used *Page 961 under both federal and state speedy trial decisions . . . involves a balancing of any prejudicial effect of the delay against the justification for the delay. [Citations.] Except where there has been an extended delay, prejudice will not be presumed, and it will be incumbent upon the defendant to demonstrate actual prejudice. [Citations.] If the defendant fails to demonstrate prejudice, the court need not consider the reasons for the delay." (People v.Fernandez (1999) 70 Cal.App.4th 117, 131
[82 Cal.Rptr.2d 469].)
 Here, there was a 79-day delay in filing the petition to extend, although the petition was filed prior to the expiration of appellant's commitment. We need not, and do not determine whether this 79-day delay triggers a presumption of prejudice, because we conclude on the facts of this case that appellant has clearly demonstrated actual prejudice. As appellant's counsel stated in her motion to dismiss, "Had [r]espondent's counsel been forced to proceed to trial prior to November 7, 2004, merely days after the filing of the petition, counsel would not have been adequately prepared. Counsel would have met only briefly with [r]espondent. Further, counsel would not have been able to receive and review the volumes of [r]espondent's records from the Department of Mental Health. Nor would counsel have had the opportunity to obtain the assistance of experts, either for evaluating [r]espondent psychologically or for assisting counsel in the cross-examination of [p]etitioner's experts. Finally, counsel would not have been able to adequately investigate the grounds for the petition."
 Against this demonstration of prejudice we must weigh the justification offered for the delay. The only justification offered — an unexplained failure of the district attorney's office to respond to Napa State Hospital's paperwork, resulting in what the trial court characterized as a "huge clerical error" — at best represents a type of inexcusable negligence. Inexcusable negligence will not justify a delay in filing. (People v. Mitchell, supra,127 Cal.App.4th at p. 943.)
 Weighing the clear prejudice appellant experienced against the inadequate justification provided, we conclude appellant's due process rights were violated by the lengthy delay in the filing of the petition to extend.
 The conclusion we reach is supported by case law. As another court stated, "A line of cases . . . requires dismissal of recommitment petitions filed too close to the scheduled termination of commitment to permit preparation for trial." (Zachary v. Superior Court (1997)57 Cal.App.4th 1026, 1034 [67 Cal.Rptr.2d 532].) That line includesIn re Johns, discussed ante, as well as *Page 962 other cases where courts have dismissed "petitions to extend . . . commitments filed too close to the scheduled release date to permit adequate trial preparation, where prejudice, but no justification for delay, has been shown. (People v. Dougherty (1983) 143 Cal.App.3d 245, 248-249
[191 Cal.Rptr. 668] [petition negligently filed 20 days before appellant's scheduled release date prejudiced appellant because inadequate time remained to obtain a medical expert]; Peoplev. Hawkins (1983) 139 Cal.App.3d 984, 986-988
[189 Cal.Rptr. 126] [no good cause for tardy filing of petition, which resulted in the respondent not being brought to court for appointment of counsel until two days before the thirty-day time limit for the commencement of trial]; People v. Hill
[1982] 134 Cal.App.3d [1055] 1057, 1060 [185 Cal.Rptr. 64] [petition for extension of commitment not filed until one week before release date]; cf. People v. McCune (1995)37 Cal.App.4th 686, 690-691 [43 Cal.Rptr.2d 804] [because the appellate record did not contain the defendant's motion to dismiss or the trial court's ruling on that motion, the record failed to show a lack of good cause for commencing the extension trial less than 30 days before the release date]; People v.Echols (1982) 138 Cal.App.3d 838, 842-843
[188 Cal.Rptr. 328] [adopting analysis of In re Johns, but affirming order extending commitment, despite untimely filing of petition, because adequate justification was provided for the untimely filing and because the committed person showed no prejudice].)" (Zachary v. Superior Court, supra,57 Cal.App.4th at pp. 1034-1035, fn. omitted.)
 The People argue appellant's due process rights were not violated relying primarily on People v. Mitchell,supra, 127 Cal.App.4th 936.
 The defendant in Mitchell pleaded not guilty by reason of insanity to assault and was committed to a mental hospital. Two weeks before the defendant's commitment was due to expire, the district attorney filed a petition to extend. The district attorney conceded that through a "series of errors and mistakes" the petition had not been filed in a timely fashion. The defendant moved to dismiss the petition arguing it was untimely. The court denied the motion. The defendant then asked for and obtained three continuances so he could prepare for trial. At the trial, the court found the defendant remained dangerous to others and extended his commitment. (People v.Mitchell, supra, 127 Cal.App.4th at pp. 939-941.) On appeal, the defendant argued that "`[a]s a matter of law, delay so long that defense counsel could not prepare for and conduct a hearing before the scheduled release date and termination of the previous commitment constitutes a prejudicial violation of due process. . . .'" (Id. at p. 943.) The Mitchell
court disagreed, concluding that "the trial court's decision not to dismiss [the defendant's] petition, and to *Page 963 proceed to trial, was not an abuse of discretion or a violation of due process, regardless of whether respondent was able to show good cause for its failure to file the petition in accordance with the directory time guidelines. [The defendant's] arguments to this court simply ignore the fact the trial court granted ample time to the defense to prepare its case for trial, obviating the kind of serious prejudice that has led appellate courts to reverse in other cases of belatedly filed petitions to extend involuntary commitment. We do not condone the unnecessary detention of any individual past the date his or her maximum term of commitment is due to expire. Nevertheless, under the circumstances presented here, we conclude that [the defendant's] due process rights were not violated. [Citations.]" (Id. at p. 946.)
 With respect, we decline to followMitchell. We understand Mitchell to hold that an unjustified failure to comply with the statutory mandates of section 1026.5, subdivision (b)(2) may be excused so long as the defendant is given adequate time to prepare for trial. However, the 90-day filing requirement mandated by section 1026.5, subdivision (b)(2) does not simply require that a defendant be given adequate time to prepare for trial at some time. Rather, the statute requires that a defendant be given adequate time to prepare for trial before the previous commitment expires. (5) Here, because the petition was filed so late, appellant was not given adequate time to prepare for trial before his commitment expired. He therefore was forced to choose between proceeding to trial without adequate preparation, or remaining in custody past the date on which he normally would be released. For the foregoing reasons, we decline to followMitchell.
 The People suggest any error was not prejudicial because the jurors who heard the case ultimately decided appellant should be recommitted. However, the prejudice here is not that appellant was denied a fair trial on the merits. Rather, appellant was prejudiced by the fact that he was not given adequate time to prepare for trial before his commitment expired. The prejudice appellant experienced was not "cured" by the fact that he eventually received a fair trial. In our view a contrary result would eviscerate the statutory provision that the filing of the recommitment petition and trial on that petition precede the expiration of the commitment, and implicitly permit an involuntary holding of persons committed under section 1026.5 indefinitely beyond the expiration of their legal periods of commitment. We conclude the trial court should have granted appellant's motion to dismiss.[4] *Page 964 
 III. DISPOSITION
 The order extending appellant's commitment is reversed. The court is directed to enter a new order granting the motion to dismiss.[5]
 Gemello, J., and Miller, J.,*
concurred.
[1] Unless otherwise indicated, all further section references will be to the Penal Code.
[2] On December 7, 2006, appellant filed a request asking us to take judicial notice of a letter the Attorney General filed asking the Supreme Court to depublish a recent decision from the Court of Appeal. The request is denied. (Brosterhous v. State Bar (1995) 12 Cal.4th 315, 325
[48 Cal.Rptr.2d 87, 906 P.2d 1242].)
[3] As is relevant, section 1026.5, subdivision (a)(2) states, "The time limits of this section are not jurisdictional."
[4] Having reached this conclusion, we need not decide whether the jury's verdict is supported by substantial evidence, or whether the court instructed the jury correctly.
[5] According to counsel at oral argument, a new petition to extend appellant's commitment has been filed. Counsel subsequently reported that a jury trial was conducted on the extension petition, and pursuant to a jury finding under section 1026.5, subdivision (b)(8), the court ordered appellant's commitment extended by an additional two years. The troubling issue of whether appellant's most recent commitment is void in light of our ruling in this case is not within the scope of the issues raised or briefed in this appeal. Therefore, we state no opinion on its validity. (Cf. People v. Mord
(1988) 197 Cal.App.3d 1090, 1115 [243 Cal.Rptr. 403];People v. Fernandez, supra,70 Cal.App.4th at pp. 134-135.)
* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6
of the California Constitution. *Page 965